## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GORDANA SCHIFANELLI,        *

    Plaintiff,                *

        v.                   *        Civil Action No. RDB-20-3458

MARY ELLA M. JOURDAK,      *

    Defendant.            *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM ORDER

Plaintiff Gordana Schifanelli ("Schifanelli" or "Plainitff") brought suit against Defendant Mary Ella M. Jourdak ("Jourdak" or "Defendant") alleging one count of defamation and two counts of defamation per se under Maryland law. (*See* Second Amended Complaint, ECF No. 9.) Schifanelli originally filed her case in the Circuit Court for Queen Anne's County, Maryland. (*See* Case No. C-17-CV-20-000140.) On November 25, 2020, Defendant Jourdak sought removal of the case to this Court pursuant to 28 U.S.C. § 1441(b), invoking federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. (Notice of Removal, ECF No. 1.) Presently pending before this Court is the Plaintiff's Motion to Remand (ECF No. 3). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, the Plaintiff's Motion to Remand (ECF No. 3) is GRANTED. Accordingly, this case will be remanded to the Circuit Court for Queen Anne's County for further proceedings.

## BACKGROUND

The facts contained herein are taken largely from the Plaintiffs' Complaint and are viewed in the Plaintiff's favor as the Defendant, as the removing party, bears the burden of demonstrating that removal to this Court is proper.  *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 297 (4th Cir. 2008).  Plaintiff Schifanelli is an attorney in good standing with the Maryland and New Jersey Bars, as well as the Federal Bar for the District of Maryland.  (Second Amended Complaint, ECF No. 9 ¶ 1.)  She is an adjunct professor at the United States Naval Academy and the mother of school-aged children who are in, or have passed through, Queen Anne's County Schools.  (*Id.*)

Schifanelli alleges that Queen Anne's County Schools Superintendent Dr. Andrea Kane caused a controversy in the community when she used her official school communications platform during school hours to promote and support a national political organization that calls for defunding the police, open borders, and supports various other politically controversial issues.  (*Id.* ¶ 6.)  Plaintiff Schifanelli openly criticized Dr. Kane's actions.  (*Id.* ¶ 8.)  Schifanelli claims that in response to this criticism, Defendant Jourdak, a resident of Queen Anne's County, conspired with members of the County Sunday Supper Committee to defame Schnifanelli in order to disrupt her employment with the U.S. Naval Academy.  (*Id.* ¶ 9.)  Specifically, she alleges that Jourdak contacted Academy personnel several times via social media platforms and email between July 24, 2020, and July 26, 2020, providing the Academy with Facebook and Twitter posts that she "fraudulently altered" with an intent to convince Navy authorities that Schifanelli was "inciting violence."  (*Id.* ¶ 12.)  Jourdak also allegedly accused Schifanelli of "running a smear campaign" and being a racist in emails to the Academy,

in posts on its Alumni Association page, and in posts on the Maryland Bar Association's Facebook page.  (*Id.* ¶ 15.)

On August 2, 2020, Schifanelli filed suit against Defendant Jourdak alleging one count of defamation and two counts of defamation per se in the Circuit Court for Queen Anne's County, Maryland.  (*See* Case No. C-17-CV-20-000140).  Schifanelli amended her Complaint on August 13, 2020, (ECF No. 4-22), and again on September 7, 2020, (ECF No. 4-30). However, at all times she has continued to allege the same three Maryland law causes of action. On November 9, 2020, Plaintiff Schifanelli filed a separate suit in this Court against Queen Anne's County Board of Commissioners and Michael Clark, the Director of Queen Anne's County Local Management Board, in his official capacity.  *See Schifanelli v. Queen Anne's Cnty. Bd. Of Comm'rs*, Case No. GLR-20-2906.  In that federal suit, Schifanelli alleges that the defendants waged a sustained campaign of defamation and harassment against her by contacting the U.S. Naval Academy and its alumni by telephone, social media posts, and other means, and alleges defamation as well as a conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985 and violations of the First and Fourteenth Amendment to the U.S. Constitution.  (ECF No. 4-2 ¶ 19.)  The complaint in the federal suit includes similar factual allegations as the Second Amended Complaint in this case, but Jourdak is not a party to the pending federal action.

On November 25, 2020, Defendant Jourdak filed a Notice of Removal, asserting that this Court has jurisdiction to hear Schifanelli's case pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1446.  (ECF No. 1 ¶ 5.)  Plaintiff Schifanelli filed the presently pending Motion to Remand (ECF No. 3) on November 28, 2020.

## STANDARD OF REVIEW

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004). As this Court has previously noted, this Court is a court of limited jurisdiction. *Mayor & City Council of Baltimore v. BP P.L.C.*, 388 F. Supp. 3d 538, 560 (D. Md. 2019) (as amended June 20, 2019), *aff'd*, 952 F.3d 451 (quoting E*xxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)).

## ANALYSIS

As a preliminary matter, Jourdak's attempt to remove this case was not timely. Pursuant to 28 U.S.C. § 1446(b), a defendant seeking to remove a civil action to federal court must file a notice of removal within thirty days after being served with the complaint. Plaintiff Schifanelli brought suit in the Circuit Court for Queen Anne's County on August 2, 2020. (*See* ECF No 5.) Jourdak was served with the Second Amended Complaint on September 7, 2020. (ECF Nos. 4-30, 4-32.) However, Jourdak did not seek to remove this case until November 25, 2020, when she filed the Notice of Removal. (ECF No. 1.) Therefore, the Defendant's

notice of removal is untimely, and this alone provides the Court with a sufficient basis to remand the action to the Circuit Court. *See Yacko v. Noels*, No. GJH-17-3604, 2018 WL 3619541, at *2 (D. Md. July 30, 2018).

Even if this case was timely removed, removal is not proper because this Court lacks jurisdiction to hear the case. District courts of the United States are courts of limited jurisdiction and possess only the "power authorized by Constitution and statute." *Exxon Mobil Corp.*, 545 U.S. at 552 (citation omitted); *see Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). They "may not exercise jurisdiction absent a statutory basis . . . ." *Exxon Mobil Corp.*, 545 U.S. at 552. Indeed, a federal court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

Under 28 U.S.C. § 1441, the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This original jurisdiction includes civil actions that arise under the Constitution, laws, or treaties of the United States. *See* U.S. Const. art. III, § 2 ("The judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . ."); *see also* 28 U.S.C. § 1331; *Exxon Mobil Corp.*, 545 U.S. at 552. This is sometimes called federal question jurisdiction, and it provides a federal forum for plaintiffs who seek to vindicate federal rights.

Case 1:20-cv-03458-RDB   Document 46   Filed 01/12/21   Page 6 of 9


The "propriety" of removal on the basis of federal question jurisdiction "depends on whether the claims 'aris[e] under' federal law." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 441 (4th Cir. 2005) (citation omitted). A case "'aris[es] under' federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013); *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). First, and most commonly, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn*, 568 U.S. at 257; *see also Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (stating that a "suit arises under the law that creates the cause of action"). Second, a claim is deemed to arise under federal law for purposes of § 1331 when, although it finds its origins in state law, "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire HealthChoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); *see Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983).

In this case, the Second Amended Complaint filed on September 7, 2020 asserts three Maryland causes of actions: one for defamation and two for defamation per se. (ECF No. 9.) Defamation is a claim "which sounds entirely in state law." *Hohal v. Tangorre*, No. ELH-16-1893, 2016 WL 4889264, at *5 (D. Md. Sept. 15, 2016). Jourdak asserts that this case nonetheless falls within this Court's federal question jurisdiction because Maryland law is clear that the First Amendment precludes defamation claims for statements relating to matters of public concern, which she alleges, applies in the case at hand. (ECF No. 13.) This argument is without merit. First, Jourdak cites the Maryland Court of Appeals decision in *Telnikoff v. Matusevich* for the proposition that the First Amendment is implicated. 702 A.2d 230 (Md. 1997). However, in *Telnikoff*, the court was very clear that the question before it was "not . . .

whether the Free Press Clause of the First Amendment" precluded Maryland recognition or reinforcement of a particular judgment, and the court "did not decide" that issue. *Id.* at 239. Instead, the court rested its decision "upon the non-constitutional ground of Maryland public policy." *Id.* Moreover, if any arguments with respect to preclusion are relevant in this case, they are only relevant as a *defense* against Schifanelli's state law claims. As such, they do not provide a basis for this Court's federal question jurisdiction: "Congress has long since decided that federal defenses do not provide a basis for removal." *Hobal*, 2016 WL 4889264, at *5 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1998)).

Additionally, Jourdak cannot impute federal question jurisdiction into the state law claims on the basis of a federal question asserted in another suit before this Court against different defendants. In the federal court action brought by Schifanelli against Queen Anne's County Board of Commissioners and its agent, Schifanelli asserts Maryland law claims in addition to claims under federal law, namely 42 U.S.C. § 1983 and the U.S. Constitution. (*See* ECF No. 1-2.) Jourdak asserts that the basis for Schifanelli's federal court action and the Second Amended Complaint in this case are "largely the same," and that since the two actions arise from "a common nucleus of operative fact," the principles of "fairness, consistency and efficacy promote removal to the district court." (*Id.* ¶ 11.) Under some circumstances, federal courts can exercise what is known as "supplemental jurisdiction" over state law claims which are factually related to claims for which the federal courts have original jurisdiction. *See* 28 U.S.C. § 1367. However, the removal statute allows removal only of a "civil action brought in a State court of which the district courts of the United States have *original jurisdiction*." 28 U.S.C. § 1441(a) (emphasis added). "The supplemental jurisdiction statute is not a source of

original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (internal citations omitted).  The existence of a separate federal action brought by Schifanelli against different defendants does not give this Court supplemental jurisdiction over Schifanelli's suit against Jourdak.  *See Yacko*, 2018 WL 3619541, at *3 (holding that the existence of the defendant's separate federal action did not give the Court supplemental jurisdiction over the pending foreclosure action under 28 U.S.C. § 1367(a)); *Nadel v. Marino*, No. GJH-17-2136, at *4 (D. Md. Oct. 20, 2017) ("the fact that [defendants] ha[d] a separate federal action pending against the [plaintiffs]" did not give the Court supplemental jurisdiction over the presently pending foreclosure proceedings "which [did] not involve any federal claims"); *Fuese v. Broan-Nutone, LLC*, No. DKC-10-2174, 2010 WL 3446872, at *2 (D. Md. Aug. 31, 2010) (rejecting reliance on § 1367(a) for removal, reasoning that "Defendant stretches to concoct a rationale for removal jurisdiction past the breaking point").  Without a source of original jurisdiction, this Court cannot hear the Plaintiff's case.

Accordingly, this 12th Day of January, 2021, it is HEREBY ORDERED that:

1. Plaintiff's Motion to Remand (ECF No. 3) is GRANTED;

2. Pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Circuit Court for Queen Anne's County for further proceedings;

3. The Clerk of the Court shall CLOSE THIS CASE; and

4. The Clerk of the Court shall transmit a copy of this Order to counsel of record.

_____/s/_____

Richard D. Bennett
United States District Judge